UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| AARON ELLIOTT, | Case No. 19-cv-06005-PJH |
|---|---|
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| J. CABALLERO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. Plaintiff filed an original complaint (Docket No. 1) and then an amended complaint (Docket No. 8). The court has reviewed the amended complaint.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim

is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was improperly found guilty of several false disciplinary violations in retaliation for his protected conduct.

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Interests that are procedurally protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 224-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472,

484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a protected liberty interest, provided that the liberty in question is one of "real substance." *See Sandin*, 515 U.S. at 477-87. An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Id.* at 484, 487. The placement of an inmate in a highly restrictive housing setting may amount to a deprivation of a liberty interest of "real substance" within the meaning of *Sandin*. *See Wilkinson v. Austin*, 545 U.S. 209, 224 (2005).

When there is a deprivation of a liberty interest of real substance, the procedural protections to which the prisoner is entitled depend on whether the deprivation results from a disciplinary decision or an administrative decision. If it is a disciplinary decision, the procedural protections required are: written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). The Due Process Clause requires only that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that prisons comply with their own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419–20 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472. A prisoner's right to due process is violated "only if he [is] not provided with process sufficient to meet the *Wolff* standard." *Id.* at 1420.

There also must be some reliable evidence to support the disciplinary decision, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987). "Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the

3

credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached" by the disciplinary hearing officer. *Superintendent v. Hill*, 472 U.S. at 455-56. This standard is considerably lower than that applicable in criminal trials. *See id.* at 456.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

Plaintiff alleges that defendant Caballero made false allegations and fabricated evidence that resulted in disciplinary proceedings. He states that Caballero engaged in this conduct in retaliation for plaintiff refusing to be a snitch. Plaintiff alleges that defendant Ivey interviewed him for a disciplinary hearing and defendant Martinez was the hearing officer. The complaint is dismissed with leave to amend to provide more information.

With respect to the retaliation claim, plaintiff must present more information that he was engaged in protected conduct. Plaintiff has cited no cases and the court has not found caselaw indicating that refusing to snitch is considered protected conduct for a retaliation claim. Plaintiff must also provide more information regarding the due process

4

claim. He has not described the punishment for the disciplinary proceedings and if he lost good time credits. Plaintiff must provide more information to support his allegation that there was an atypical and significant hardship. Even assuming that the charges against plaintiff were false, he may not be entitled to relief. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41 (7th Cir. 1984). A false charge that results in discipline that does not amount to a deprivation of a protected liberty interest under *Sandin*, is not actionable under § 1983 if it does not implicate another constitutional right. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002); *see, e.g., id.* at 654 (even if the charges that led to disciplinary confinement were false, no claim was stated because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under *Sandin*).

With respect to defendants Ivey and Martinez, plaintiff has not presented sufficient allegations that these defendants were responsible for any constitutional deprivation. Simply because they were involved in a disciplinary hearing is insufficient to state a claim. He should provide more information regarding their involvement.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed no later than **December 18, 2019**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint may result in dismissal of this case.

5

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 18, 2019

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge